Dear Mr. Downs:
You have requested an opinion of this office regarding whether a judgment creditor of the Rapides Parish Police Jury can seize property that belonged to the Rapides Parish Police Jury at the time of the rendering of the Judgment after that property has been sold by the police jury to a private citizen.
The question presented must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 10(C) and LSA-R.S. 13:5109B. La. Const. Art. VII, Sec. 10(C) provides the method by which judgment rendered against the state and/or its political subdivisions may be paid. This provision provides, in pertinent part, the following:
 "§ Section 10. (C) Limitations; Procedure; Judgments. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefore by the legislature or by the political subdivision against which the judgment is rendered.
LSA-R.S. 13:5109(B)(2) also relates to the method of payment of judgments rendered against a public entity and provides as follows:
 "Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision." *Page 2 
In the recent case of Holly Smith Architects, Inc. v. St. HelenaCongregate Facility, Inc., 943 So.2d 1037 (La. 2006), the Louisiana Supreme Court had the opportunity to interpret both La. Const. Art. VII, Sec. 10(C) and LSA-R.S. 13:5109(B)(2). The case involved a creditor of a public entity who recorded three judgments against the public entity and claimed a judicial mortgage on all the property owned by the public entity. The public entity responded by claiming the judgments should be erased from the mortgage records and that a judicial mortgage cannot be effective against the State and/or its political subdivisions pursuant to the constitutional and statutory provisions cited above and which prescribe the exclusive method by which these judgments may be paid. The Supreme Court held that the judgments may be recorded and may remain in the mortgage records, but the recorded judgments do not constitute a judicial mortgage so as to secure the payment of the judgments. In so holding the Court stated:
 "Because La. Const. art. XII, Sec. 10(C) and La. Rev. Stat. Sec. 13:5109(B)(2) are very clear regarding the method of payment for its judgments rendered against the State and its political subdivisions, it is evident that the recordation of judgments against the State and/or its political subdivisions cannot secure the payment of same. While the recordation of a judgment is permissible, its recordation does not create a security device. Accordingly, we hold that the recordation of judgments rendered the State and/or its political subdivision does not create judicial mortgages on the property of the State and/or its political subdivisions."
As quoted above, Art. XII, Section 10(C) a judgment recorded against the state or its political subdivisions does not secure the payment of the judgment. The judgment may be recorded but such recordation does not establish a judicial mortgage and thus does not follow any property owned by the public entity upon a subsequent sale or transfer. As such, the judgment creditor of the public entity would be prohibited from seizing property transferred or sold by the public entity to a private citizen based on a claim by the creditor that the property was previously burdened by a judicial mortgage established by the creditor when the property was owned by the public entity.
It is therefore the opinion of this office that, pursuant to La. Const. (1974) Art. VII, Sec. 10(C) and LSA-R.S. 13:5109B, a judgment creditor of the Rapides Parish Police Jury cannot seize property that was formally owned by the Rapides Parish Police Jury at the time the judgment was rendered and/or recorded and then subsequently sold by the police jury to a private citizen. Recordation of a judgment rendered against State and/or its political subdivisions does not create an enforceable judicial mortgage on property owned by the State and/or its political subdivisions. *Page 3 
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_____________________ RICHARD L. MCGIMSEY Assistant Attorney General